Case 2:15-cr-01079 Document 28 Filed in TXSD on 01/25/17 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | Cr. No. 2:15-1079-1 |
| | § | (Ca. No. 2:16-462) |
| LAURA ISABEL SALINAS. | § | |

**MEMORANDUM OPINION AND ORDER**

Laura Isabel Salinas filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 27. Salinas' § 2255 motion makes two claims: (1) Amendment 794 should be applied to her, and (2) her counsel was ineffective at sentencing. Salinas' request for application of Amendment 794 may not properly be considered pursuant to § 2255. The Court construes that portion of her motion pursuant to 18 U.S.C. § 3582(c)(2). Salinas' claim of ineffective assistance of counsel is properly brought pursuant to § 2255.

Salinas pled guilty to conspiracy to possess with intent to distribute 12.50 kilograms of ice (a substance containing a detectable amount of methamphetamine). She was sentenced to 132 months' imprisonment on April 25, 2016.

**MOTION UNDER AMENDMENT 794**

Salinas argues that Amendment 794 to the Sentencing Guidelines allows her to be considered for a minor role. The Sentencing Guidelines have long allowed for role adjustments for minor or mitigating roles. *See* U.S.S.G. § 3B1.2(b), amended November 1, 2015. Amendment 794 modified the Application Notes to clarify the factors a district court should consider in making a determination of minor or mitigating role. The amendment was effective before Salinas was sentenced, and the Court applied the 2015 Guidelines, including all amendments, in computing her guideline range. *See* D.E. 18, ¶ 15.

The evidence before the Court was that Salinas transported 12.50 kilograms of methamphetamine with a purity of 99.6% in the fuel tank of her nephew's car. Her border crossing history revealed two other trips in that vehicle and other trips in multiple vehicles. Salinas did not debrief truthfully and thus did not qualify for safety valve. No written objection to the PSR was made based upon lack of minor role. Accordingly, her construed motion under 18 U.S.C. § 3582 is denied.

## § 2255 MOTION

Salinas claims that her sentence is higher than it should have been on the grounds that counsel provided ineffective assistance at sentencing. She claims he failed to provide evidence from which the Court could properly analyze the factors in 18 U.S.C. § 3553(a).

### A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B. Ineffective Assistance of Counsel**

1. *Standard for ineffectiveness of counsel*

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

2. *Ineffective assistance at sentencing*

The Probation Department prepared a Presentencing Investigation Report (PSR) before sentencing. D.E. 18. Salinas' offense level was calculated based upon drug quantity at level 38. She had in her possession more than twice the quantity of ice that was required for an offense level of 38. Two levels were added for importation of methamphetamine from Mexico. After

3

credit for acceptance of responsibility, Salinas' total offense level was 37. With a criminal history category of I, her guideline sentencing range was 210 to 262 months' imprisonment.

Salinas is a 46-year-old permanent legal resident of the United States who is subject to deportation after her conviction. She has an 11th grade education, is fluent in Spanish, and speaks some English. At sentencing, counsel advocated for Salinas. The Court sentenced Salinas to 132 months' imprisonment, 78 months below the lowest end of the guideline.

Salinas has the burden to demonstrate prejudice from counsel's alleged failure to advocate for her at sentencing. Salinas has not explained what additional facts would have persuaded the Court to vary downward any further. As it was, counsel persuaded the Court to reduce her sentence by at least six and a half years. Because Salinas has not provided any evidence of prejudice, her claim of ineffective assistance is denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Salinas has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Salinas is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## CONCLUSION

For the foregoing reasons, Salinas' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 27) is **DENIED** and she is **DENIED** a Certificate of Appealability. Salinas' construed motion under 18 U.S.C. § 3582 is also **DENIED**.

It is so **ORDERED** this 25th day of January, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE